*Kittredge & Wilby.*

---

## THE STATUTE OF LIMITATIONS APPLYING TO SUITS FOR REDUCTION OF STREET ASSESSMENTS.

[Common Pleas Court of Franklin County.]

### GAULT v. THE CITY AND ALTMAN v. THE CITY.

Decided, July 20, 1903.

*Street Assessments—Acts under which the Improvement was Made Once Held Constitutional—Estoppel Against Complaint that the Work was not Up to the Specifications—The Bar Against Complaint that the Assessment Exceeded the Benefits.*

1. Relief will not be granted against an assessment made under a law which was at the time declared constitutional by the Supreme Court, and under which a municipality sold its bonds and vested rights have accrued; and especially is this true since the decision in *Shoemaker* v. *Cincinnati.**

2. Complaint that the improvement was not made in accordance with the specifications will not be heard, where the entering of suit is delayed for a long period—in this case nearly ten years.

3. The clause of Section 4982 which limits to four years the time for bringing "an action for an injury to the rights of the plaintiff not arising on contract and not hereinbefore enumerated" applies to an action for reduction of a street assessment for excess of benefits.

DILLON, J.

These are two assessment cases of considerable importance relating to the improvement of Livingston avenue. It is first claimed that the Taylor Law under which Livingston avenue was improved was unconstitutional. I do not grant relief upon this claim for the following reasons:

(1.)  The law has already been held constitutional by our highest tribunal and was so held at the time this improvement was

---

*The Circuit Court decision in this case will be found in 1 Circuit Court—New Series, page 11. The decision of the Supreme Court, affirming the Circuit Court, will be found in 68 O. S., at page 603.

made, and the holdings of the lower courts have been to compel the same court to reverse itself first. All things that were to be done under that improvement therefore have been done and done at a time when the law was held to be constitutional. Every one acted upon it. The bonds were sold under it. The city loaned its credit under it and the assessment was made on that theory.

(2.) The holding of Judge Bigger in the case of *Jenkins* v. *The City*, already decided, embodies views with which I can not take issue.

(3.) Vested rights have intervened especially under the previous decisions and a long time has elapsed and all things have been done and accomplished under the act contemplated thereby so far as this case is concerned. And it is now too late to urge such a claim.

(4.) The case of *Shoemaker* v. *Cincinnati*, case number 8388, decided by our Supreme Court a few weeks after the submission of this case, is directly in point and sustains this view of the case, although I will not take time to go into it now. Counsel can examine that case for themselves.

The second point made is as to the defective construction of the street, the allegation being that it is not constructed according to the specifications. My finding is against this claim. I am satisfied there was such a substantial compliance with the plans and specifications as would prevent any relief on this ground, and after the lapse of so many years the very clearest proof should be demanded. The street was improved over ten years ago and evidence of the present condition of the street must be received with a good deal of caution before forming a judgment as to how the street was originally laid. We all know that sand placed on top of crushed stone percolates more or less through it and, therefore, while the contract ten years ago may have called for three inches of sand, and the contract may have been literally complied with, yet one may find but an inch of sand to-day. The same may be said of the crushed stone which may more or less become imbedded in the clay. I would not expect at this time to find the same number of inches of crushed stone under the pavement as the contract and specifications originally called for. Therefore, unless there is some very clear proof I would not be warranted in assuming that relief should be granted upon that ground.

The next question and the most important is, perhaps, was the tions, for that plea could not apply to the claim of unconstitutionality; and there is uncertainty as to just when knowledge of assessment in excess of the benefits? · There is scarcely a subject upon which there can be so wide a difference of opinion in honest witnesses than in the valuation of lots. In this case the lapse of time adds another feature of uncertainty. I have not considered defendant's plea of lapse of time, or laches as to the other contendefective construction first appeared. But the claim for reduction of assessment arises the day after the assessment is made and there is no question as to when plaintiff's claim in this regard accrued. The assessment was declared and made a lien on May 21, 1894. The petition in the Gault case was filed October 8, 1902, over eight years afterwards; and in the Altman case it was filed January 12, 1903, or almost nine years afterwards. The general equitable principles of laches do not apply where the statute itself prescribes the time in which such action may be brought. In such cases "equity follows the law." Therefore, courts of equity in this state adopt the statute of limitations. These statutes are very broad. They relate first to the form of action, both equitable and legal. The next provision relates to certain exceptions with reference to actions already commenced and to certain cases wherein the right of action has already accrued. Then follows a series of limitations which seeks to embrace every action that can be filed in court and so sweeping is this provision that there is a class in which it is said "all other actions not specially mentioned shall be brought within a certain length of time." The idea of the statute of limitations is to embrace all cases. I am therefore bound to consider it. I pass by the fifteen year statute and the six year statute and come to Section 4982, which provides that an action for an injury to the rights of the plaintiff, not arising on contract and not hereinafter enumerated, shall be brought within four years. The only other provision that could possibly apply is the ten year statute. Section 4985 provides that an action for relief not hereinbefore provided for can only be brought within ten years after the cause of action accrues.

This action is manifestly not one to recover real property (twenty-one years); nor is it an action on special contract in writing (fifteen years); nor is it an action on a bond (ten years).

What, then, is its nature? On the part of the county treasurer the original assessment and each installment thereof is a liability created by statute and he is barred in collecting these various installments to six years after date. That is to say, if the county treasurer would omit to collect one of these installments to-day and not attempt to collect it for six years he could not collect it at all. Revised Statutes, 4981. *Hartman* v. *Hunter*, 56 O. S., 175; *Hawkins* v. *Furnace Co.*, 40 O. S., 507.

But what is the nature of this claim for reduction of assessment because it exceeded benefits? It is for a credit on or a reduction of the city's claim arising by virtue of the Constitution which says that these plaintiffs shall have the assessment on their lots reduced to an amount equal to the benefits conferred by the improvement, or not to exceed the after benefits conferred by the improvement. On the day this assessment was made, therefore, the plaintiff had the right to bring his action to reduce the assessment. Being construed as an injury or damage the limitation would be four years. Revised Statutes, 4982. *R. R. Co.* v. *Hambleton*, 40 O. S., 496.

The only question remaining is whether a claim of this character is controlled by Section 4982, or if it be decided that section does not apply, whether Section 4985 applies, which gathers in everything omitted from the previous sections and makes the limit ten years?

I am of opinion that that clause of Section 4982 which mentions "an action for an injury to the rights of the plaintiff not arising on contract and not hereinbefore enumerated," is the one applicable here and plaintiff's claims for reduction for excess of benefits are barred. I have also carefully considered the evidence in this behalf but find it unnecessary to announce a conclusion. I will say to counsel, however, that although not a part of the case now, I could not grant the relief prayed for on the ground that this assessment was in excess of benefits. The burden is on the plaintiff to show that fact and especially so after this lapse of time. I think the value of these lots as they sold at that time was excessive and was not the true value.

An exception may be noted and the appeal bond will be fixed at $200. There are two cases and the appeal bond will be the same in each case.

*W. O. Henderson* and *De Witt C. Jones,* for plaintiffs.
*Butler, Marshall & Keating,* for defendant.